UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLENE ALVARADO, KEVIN MCGEE, ]<br>JUAN ALEJANDRO, ]<br>VIRGINIA ISELA AVILA, ]<br>INCELA CEDILLO, ]<br>EDUARDO REYES GARCIA, ]<br>LEROY GONZALEZ, BILLY G. HAYES, ]<br>JOSE M. JUAREZ, ]<br>ANGEL RICARDO LEIJA, ]<br>MELISSA CHRISTINA LOPEZ, ]<br>JOSE TOMAS LUGO, ]<br>OSCAR STEVE REYES, ]<br>RODRIGO RODRIGUEZ, ]<br>LEE ROY ROSALES, EDUARDO SANCHEZ, ]<br>RAUL FLORES TORRES, III, ]<br>SYLVIA TANIA TORRES, ]<br>JESSICA ESTELLA VELA, ]<br>FRANK VELASQUEZ, JR., ]<br>EMMANUEL ZAMORA, ]<br>ISRAEL CALVILLO, SERGIO CALVILLO, ]<br>GERARDO CHACON, ALFREDO ]<br>DELEON, ERIC GARZA, MARIO ]<br>GARZA, ABRAHAM GOMEZ, ]<br>ANTONIO GONZALEZ, BETSY ]<br>GORDON, THOMAS GORDON, ]<br>FERNANDO HERNANDEZ, ROBERTO ]<br>IBARRA, JR., CECILIA MALDONADO, ]<br>SANTIAGO MONTOYA, ELIAS ]<br>RODRIGUEZ, ALBERTO ROSALES, ]<br>LUIS SANCHEZ, MELISSA SAUCEDO, ]<br>EUGENIO SOLIS, EFRAIN VALDEZ, ]<br>JOSE VEGA, PEDRO VENEGAS, ]<br>MARTIN MARTINEZ, RICARDO NAVEJAS, ]<br>ELROY CORDOBA, LIDIA SEGURA, ]<br>RAMIRO GARCIA, ALEJANDRO ]<br>MARTINEZ, JOSE SUAREZ, MARTIN ]<br>CANTU, SR., MARTIN CANTU, JR., AND ]<br>KYLE TRAPP, ]<br>]<br>     *Plaintiffs*, ]<br>]<br>v. ] | 5-18-CV-00009-FB-RBF<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| TIMEKEEPERS, INC., TIER ONE SECURITY, INC. and SHAWN FLUITT, | ] ] ] ] |
| *Defendants*. | ] ] |

# FIRST AMENDED ORIGINAL COMPLAINT

### SUMMARY

1.  Timekeepers, Inc. (Timekeepers), Tier One Security, Inc. (Tier One) and Shawn Fluitt (Fluitt)(collectively referred to as Defendants) do not pay their security guards overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Rather, Defendants pay their security guards the same hourly rate for all the hours they work including those hours in excess of forty (40) in a workweek.  Plaintiffs bring this action seeking to recover the unpaid and/or underpaid overtime wages and other damages owed to them.

### JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are residents of this judicial district and division.

### THE PARTIES

4.  Plaintiffs are former employees of Defendants.

5.  Timekeepers is a Texas corporation with its principal place of business in Boerne, Kendall County, Texas.  Timekeepers is represented by counsel and has made an appearance in this case.

6.     Tier One is a Texas corporation with its principal place of business in Boerne, Kendall County, Texas.  Tier One is represented by counsel and has made an appearance in this case.

7.     Fluitt is an individual who resides and does business in Boerne, Kendall County, Texas. Fluitt is represented by counsel and has made an appearance in this case.

## THE FACTS

8.     Timekeepers and Tier One provide security guards to their clients.

9.     In each material year Tier One's gross annual revenues have exceeded $500,000.00.

10.    Fluitt is an owner and director of both Timekeepers and Tier One.

11.    Fluitt has the power to set and enforce, and/or has delegated to others the power to set and enforce, employment practices and policies, including hiring and firing employees, supervising and controlling employee work schedules or conditions of employment, determining rates and methods of the payment of wages, maintaining employment records, as well as other employment practices and policies that directly and indirectly affect Timekeeper's and Tier One's employees.

12.    Defendants employed Plaintiffs as security guards.

13.    Plaintiffs typically spent their workweeks providing security by patrolling Defendants' clients' properties and monitoring gate access thereto.

14.    In performing their duties as security guards, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

15.    Plaintiffs routinely worked in excess of forty (40) hours in a workweek for Defendants.

16.     Defendants were well aware of the fact that Plaintiffs routinely worked in excess of forty (40) hours in a workweek because Defendants scheduled Plaintiffs for more that forty (40) hours of work per week and Plaintiffs reported their weekly hours to Defendants.

17.     At no time, however, did Defendants pay Plaintiffs at one-and-one-half times their regular rates for the hours they worked in excess of forty (40) in a workweek.

18.     Rather, Defendants paid Plaintiffs the same hourly rate for all the hours they worked including those in excess of forty (40) in a workweek.

## CAUSE OF ACTION

19.     Plaintiffs re-allege paragraphs 1-18 as if set out here in their entirety.

20.     Defendants employed Plaintiffs within the meaning of the FLSA.

21.     Defendants are employers within the meaning of the FLSA.

22.     Plaintiffs are or were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

23.     Defendants are an enterprise engaged in commerce within the meaning of the FLSA.

24.     By failing to pay Plaintiffs overtime compensation at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

25.     Defendants owe Plaintiffs the difference between the overtime rates actually paid and the proper overtime rates.

26.     Because Defendants knew their pay practices violated the FLSA, or showed reckless disregard for whether their pay practices violated the FLSA, Defendants owe these wages for the entirety of Plaintiffs' employment.

27. Defendants are liable to Plaintiffs for an amount equal to all unpaid and/or underpaid overtime wages.

28. Defendants are, further, liable to Plaintiffs for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

29. Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

30. Plaintiffs demand a trial by jury.

### PRAYER

Plaintiffs asks that Defendant be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Plaintiffs judgment against Defendants for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Plaintiffs judgment against Defendants for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Plaintiffs all such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: **/S/ Michael K. Burke**
    Michael K. Burke
    mburke@mmguerra.com
    Texas State Bar No.: 24012359
    *Attorney-In-Charge for Plaintiffs*
**LAW OFFICES OF MICHAEL M. GUERRA**
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

AND


By: */s/ Ricardo J. Prieto*
TODD SLOBIN
Texas Bar No. 24002953
tslobin@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

AND


By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com


ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was of filed of record and served on opposing counsel as indicated below in compliance with the Federal Rules of Civil Procedure and via the Western District's CM/ECF system on this the 6th day of February, 2019.

Jason J. Jakob
**DIAZ JAKOB, LLC**
Alamo Towers West
901 NE Loop 410, Suite 900
San Antonio, Texas 78209

/S/ Michael K. Burke
_____
Michael K. Burke